IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 29 2006

MATTHEW J. DYKMAN
CLERK

VINCENT F. RIVERA,

        Plaintiff/Petitioner,

v.

No. CIV-06-0736 MCA/KBM

BILL RICHARDSON, GOVERNOR,
DOMINGO P. MARTINEZ, AUDITOR
GENERAL, REBECCA VIGIL-GIRON,
SEC'Y·OF STATE, ROBERT E. VIGIL,
TREASURER, PATRICIA LYONS, LAND
MGMT DIR., U.S. SEN. PETER V. DOMENCI [sic],
CHAIRMAN, SENATE ENERGY & NATURAL RE-
SOURCES COMM., U.S. REPS. HEATHER WILSON,
AND TOM UDALL, OFFICIALLY AND PERSONALLY,
ETC., ET AL.,

        Defendants-Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be



futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in Florida. The complaint alleges that the Governor of New Mexico and other state officials have conducted a "clandestine drug diversion operation" in the form of "prison doctors over-invoic[ing]" prescription medications. The surplus drugs are repackaged and shipped to " 'phantom corporations' at ghost addresses . . . for resale to the general public under different labels." Plaintiff claims that Defendants' actions have violated his civil rights and constitute conspiracy, wire and mail fraud under federal criminal statutes, and consumer fraud under state law. He seeks damages and equitable relief.

Plaintiff lacks standing to prosecute his federal claims. First, he makes no allegation of injury caused by Defendants' conduct. *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450-51 (10th Cir. 1994) ("Article III of the Constitution requires a plaintiff to show . . . he or she has personally suffered an injury in fact"). The complaint's allegations make no connection between New Mexico officials and Florida prisoners nor describe any effect of the conspiracy on Plaintiff personally. Furthermore, Plaintiff has no standing as a taxpayer or third party to bring these civil claims. *See Raiser v. United States*, 325 F.3d 1182, 1183-84 (10th Cir. 2002). And last, violations of federal criminal statutes may be prosecuted only by the government. See *Higgins v. Neal*, No. 94-1154, 1995 WL 216920, at \*\*1 n.3 (10th Cir. April 12, 1995). The Court will dismiss Plaintiff's federal law claims with prejudice.

Plaintiff's "pendent state law claim for consumer fraud" also will be dismissed. It is

assumed for purposes of this order that the Court has supplemental jurisdiction of this claim. 28 U.S.C. § 1367(a). In view of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of this state law claim. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if-- (3) the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997); *American Bush v. City of South Salt Lake*, No. 01-4121, 2002 WL 1443474, at **2 (10th Cir. July 5, 2002). Plaintiff's state law claim will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's amended motion for leave to proceed in forma pauperis (Doc. 7) filed September 6, 2006, is GRANTED; and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's federal law claims are DISMISSED with prejudice; Plaintiff's state law claim is DISMISSED without prejudice to his right to assert this claim in an appropriate forum; pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____  9-29-06
UNITED STATES DISTRICT JUDGE

3